**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**DR. DEAN McNEEL d/b/a**
**OZARK PROSTHODONTICS** **PLAINTIFF**

**v.** **No. 5:10-cv-05043-JLH**

**KaVo DENTAL TECHNOLOGIES, LLC** **DEFENDANT**

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON LIABILITY AND DAMAGES**

## I. INTRODUCTION

Plaintiff, Dr. Dean McNeel, has sued defendant, KaVo Dental Technologies, LLC (hereinafter "KaVo") under a theory of common law breach of contract. KaVo moves this Court to enter summary judgment under Federal Rule of Civil Procedure 56(c) for two reasons. First, the current plaintiff lacks standing and is not the real party in interest because he did not purchase the product. And, second, the damages sought by plaintiff are not recoverable as a matter of law.

Summary judgment is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Id. at 323-24.

According to Rule 56(c), summary judgment is appropriate when the evidence indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In weighing a motion for summary judgment, the trial court's primary inquiry is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

The moving party does not bear the burden of producing "evidence showing the absence of a genuine issue of material fact.... Instead, ... the burden on the moving party may be discharged ... by "showing" – that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. In support of summary judgment, a moving defendant need only expose a deficiency of proof as to an essential element of the plaintiff's claim and is not required to put on proof. See id. at 323-24. To survive a defendant's motion for summary judgment, "there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

KaVo is entitled to judgment as a matter of law.

## II. STANDING AND REAL PARTY IN INTEREST

This lawsuit concerns the purchase of an Everest System, which is used by plaintiff, Dr. Dean McNeel, in his dental practice in Fayetteville, Arkansas. Dr. McNeel filed this suit in his individual capacity and claimed common law breach of contract with respect to the Everest System as his cause of action against KaVo (Doc. No. 1, ¶ 9).

Dr. McNeel, however, operates his dental practice through a sub-chapter S-corporation that is called "Dean McNeel, D.D.S., P.A." This is evidenced by the tax return filed by Dr. McNeel's corporation for the last several years. KaVo Dental Technologies, LLC recently attached a copy of this corporate tax return as an exhibit to its amended answer. (Doc. No. 14-3). Indeed, Dr. McNeel is employed by Dean McNeel, D.D.S., P.A.

Dr. McNeel also has a separate laboratory for his dental practice which is named Ozark Prosthodontics Dental Lab, Inc., which is a separate sub-chapter S-corporation. KaVo recently attached a copy of this entity's corporate tax return as another exhibit to its amended answer. (Doc. No.14-4).

These two (2) corporate entities are the vehicles through which Dr. McNeel practices as a dentist. The current plaintiff, Dr. Dean McNeel, is an individual; but, he individually is neither the dental practice nor the laboratory.

The purchase agreement relative to the Everest equipment at issue was signed by Dean McNeel, D.D.S., P.A. (Doc. No. 14-2). The Equipment Finance Agreement for the system was also signed by Dean McNeel, D.D.S., P.A., (Doc. No. 14-5). This confirms that the purchaser and owner of the equipment was Dean McNeel, D.D.S., P.A., the dental clinic, not Dr. Dean McNeel, individually.

The current plaintiff, Dr. Dean McNeel, has no right to proceed in this lawsuit because that individual was not a party to any contract for the purchase of the Everest System and he did not purchase the equipment. His dental practice, Dean McNeel, D.D.S., P.A., purchased the equipment and thus is the only person who has standing to bring this cause of action and qualifies as the real party in interest.

Dr. Dean McNeel, the current plaintiff, lacks standing to prosecute any claim against KaVo with respect to the Everest System. Likewise, the current plaintiff, Dr. Dean McNeel, is not the real party in interest under Federal Rule of Civil Procedure 17(a).

For these reasons, KaVo moves this Court for the entry of judgment as a matter of law under Rule 56(c) and a dismissal of all claims with prejudice.

## III. PLAINTIFF'S DAMAGES

Plaintiff has submitted a spreadsheet that outlines each element of damages claimed in this lawsuit. (Exhibit 1). This damage model contains several different categories of items sought by plaintiff; but, none of these can be recovered under Arkansas law.

Although plaintiff filed suit for common law breach of contract, the purchase by Dr. McNeel's dental practice of the Everest System from KaVo is a "sale" of "goods," as defined by A.C.A. § 4-2-105(1) & -106(1). This lawsuit and any claim made by plaintiff with respect to the purchase of the Everest is, therefore, governed by Article II pertaining to "Sales" under the Uniform Commercial Code in Arkansas. The sales portion of the Code is found in A.C.A. § 4-2-101, *et seq*. It is axiomatic that the damages sought by plaintiff are governed by the provisions in Article II of the UCC.

### A. Plaintiff's claim for private hours.

Plaintiff first seeks to recover for 1,132 hours of his personal time valued at $873.00 per hour for a total of $988,236.00. This amount is part of the 2,711.4 hours[1] plaintiff claims were spent to "ReDo & Deliver Product." (Exhibit 1).

To support this claim, Dr. McNeel contends that in an attempt to rectify problems with the Everest, he personally worked 104 weekend days at 8 hours per day; and 25 weeknights from 6:00 p.m. to 6:00 a.m. to arrive at the total of his own hours of 1,132. (Exhibit 1). This is not a valid element of damages.

---

[1]This figure of hours also includes work that plaintiff claims was performed by other persons employed by the dental clinic.

Dr. McNeel's damage computations through August 2010 state that he has paid $110,780.87 towards the financed price for the "Everest System," (Exhibit 1), which he continues to use. Therefore, as a matter of law, Dr. McNeel has "accepted" the Everest System, pursuant to A.C.A. § 4-2-606.

Further, Dr. McNeel has never given formal notification of the breach of any warranty under A.C.A. § 4-2-607(3), as required by A.C.A. § 4-2-714, which is labeled, "Buyer's damages for breach in regard to accepted goods."

The damage remedies provided by A.C.A. § 4-2-714 do not authorize recovery of damages for private time alleged to have been used by Dr. McNeel. Also, during the time that Dr. McNeel alleges his private time was being utilized, he never advised or put KaVo on notice of those accumulating claims and elements of damages.

He could have attempted to revoke his acceptance, but instead continues to use the product. As of August 20, 2010, plaintiff admits the Everest System has generated $115,300.00 in gross income. (Exhibit 2).

An instructive decision is KLPR TV, Inc. v. Visual Elec. Corp., 465 F.2d 1382 (8th Cir. 1972). That decision recognized that:

> A party is required to take reasonable steps to minimize damages and under such principle, Noark cannot continue to use rejected equipment indefinitely and build up consequential damages thereby. We find no substantial evidentiary support for the award of $150,000.00 for consequential damages.

Id. at 1388.

Dr. McNeel cannot claim, and does not allege, that the Everest System has ever been rejected.

AMI 2520 concerns the buyer's damages for "accepted goods" when there is a breach of warranty. But again, no notice of breach of warranty has ever been provided; and the lawsuit seeks only a recovery for breach of contract, which cause of action is not authorized by the Uniform Commercial Code in Arkansas.

Further, AMI 2520 states that if consequential damages are to be submitted, they must be judged against the standard of AMI 2522. But, that instruction is not applicable because the claim of $988,236.00 by plaintiff is not of an authorized type under A.C.A § 4-2-715(2).

The point for the present motion is that there is no provision in our Uniform Commercial Code that allows Dr. McNeel to charge nearly $1,000,000.00 in private time efforts as an element of damages.

This result is in fidelity to the later decision of Wilson v. Marquette Elec., Inc., 630 F.2d 575 (8th Cir. 1980). That case concerned the sale of sophisticated computer assisted electrocardiographic equipment called the "Muse" and used by the plaintiff, Dr. Wilson. The Eighth Circuit stated in a very similar case:

> This award represents Dr. Wilson's time away from his private practice incurred because of the increased time spent with the Muse due to its failure to operate as warranted. It was based upon testimony indicating Dr. Wilson intended to spend about 10 hours per week with the system, but instead had to spend 20 hours per week. The District Court noted that proof of Dr. Wilson's personal time was not entirely satisfactory because many of the functions he performed were those of a serviceman and not a physician. The District Court concluded that $40,000.00 was a reasonable sum for the lost time. We conclude none of the $40,000.00 is recoverable under § 85-2-715 as damages for the breach of warranties.

Id. at 585-86.

The same is true here because Dr. McNeel has acknowledged that his damage computations are based upon his "time away from his private practice," just as was true of Dr. Wilson.

The Uniform Commercial Code does not authorize the recovery of such accumulating and avoidable damages during the course of continuing acceptance and use of the product.

KaVo moves this Court to dismiss this $988,236.00 portion of the damages sought by plaintiff.

**B. Additional Hourly Time.**

There are additional claims in the damage model to recover $14,841.00 for telephone conversations for "support" of the Everest System and $174,600.00 for email communication, both of which are based upon the heightened charge of $873.00 per hour. (Exhibit 1).

It is beyond reality to claim that the use of a new and sophisticated product would not have required some hours of communication and email activity with defendant's representatives.

These elements of damage are simply not authorized by any portion of the Uniform Commercial Code; and there is no basis for the rate of $873 per hour for the claimed time. These claims should be dismissed.

**C. Purchase Payments for the Everest System.**

Plaintiff's damage model next includes an item for the recovery of the total purchase price of the Everest system, i.e. $195,241.95, which amount includes finance charges paid to date. (Exhibit 1). Referring back to A.C.A. § 4-2-714, which describes the damages available to a buyer for breach of accepted goods, there is no right for plaintiff to recover any portion of the

purchase price or finance charges, particularly where the buyer has accepted the goods, retains possession of them and is still generating revenue from use of the machine.

Therefore, this portion of plaintiff's damages claims should be dismissed.

**D. Attorney Fees.**

Dr. McNeel also asks to recover $20,000.00 in attorney fees. (Exhibit 1). Attorney fees are not authorized by the Uniform Commercial Code. Thus, that claim should be dismissed as a matter of law.

**E. Supplies and Parts.**

The damage model of plaintiff itemizes $54,966.72 of damages related to supplies, repairs and parts; and a separate line item of $25,000 for replacement costs of supplies. (Exhibit 1). These items are not allowed under A.C.A. § 4-2-714 and none qualifies as incidental or consequential damages under A.C.A. § 4-2-715.

Further, Dr. McNeel admitted that most of these were expenses he would have incurred, even if the Everest were working properly. (Exhibit 3, at 132-33 & 172).

These damages should likewise be dismissed.

**F. Cost of New System and Training.**

The next items that plaintiff includes in the damage model total $235,000 for the replacement cost of a new system and training for such a system. (Exhibit 1). Once again, the UCC does not permit the recovery of any such damages when the buyer has accepted the goods. A.C.A. § 4-2-714 & -715. This is particularly true when the Court factors in that the Everest System is still in the possession of Dr. McNeel's dental clinic and generating income.

The Court should dismiss this aspect of the damages claims, as well.

**G. Loss of Revenue.**

And finally, plaintiff attempts to recover claimed lost revenue of $113,405.30. (Exhibit 1). Like so many other portions of the damage model, the claimed loss of income is not specifically authorized by A.C.A. § 4-2-714 or -715.

Moreover, the loss of revenue claim is based upon an estimated gross revenue figure of $3,335.45 per month over a 34 month period. KaVo's forensic accountants have analyzed the information and opined that there is no corroborating data to support this figure. (Exhibit 4). KaVo's experts have opined that the dollar figure relied upon by plaintiff lacks any degree of certainty which is necessary for the recovery of lost income in Arkansas. Id.

Dr. McNeel further admits that this estimate pertains to income for the lab ("Ozark Prosthodontics Dental Lab, Inc."), not his dental practice ("Dean McNeel D.D.S., P.A."). The laboratory corporation is not a plaintiff; therefore, plaintiff cannot pursue this damage category.

For these reasons, KaVo moves this Court to dismiss the claim for lost revenue.

## IV. CONCLUSION

Plaintiff, Dr. Dean McNeel, is an individual who did not purchase the Everest System or sign a contract with KaVo concerning the equipment. Therefore, he lacks standing and is not the real party in interest.

Plaintiff has submitted a damage model that seeks categories of damages not authorized by the Uniform Commercial Code in Arkansas and thus not recoverable.

Pursuant to Federal Rule of Civil Procedure 56(c), this Court should dismiss plaintiff's complaint as a matter of law.

Respectfully submitted,

J. V. Phelps (Bar No. 74122)
Jeffrey W. Puryear (Bar No. 93109)
Serena Thompson Green (Bar No. 2005258)
WOMACK, LANDIS, PHELPS & McNEILL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
Tel. (870) 932–0900
jphelps@wlpmlaw.com
jpuryear@wlpmlaw.com
sgreen@wlpmlaw.com

By /s/ Jeffrey W. Puryear

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Kenneth R. Shemin
Shemin Law Firm, LLC
333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758
E-mail: Ken@sheminlaw.com

/s/ Jeffrey W. Puryear
Jeffrey W. Puryear