**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**DR. DEAN McNEEL d/b/a**
**OZARK PROSTHODONTICS** **PLAINTIFF**

**vs.** **CASE NO. 5:10-cv-05043-JLH**

**KaVo DENTAL TECHNOLOGIES, LLC** **DEFENDANT**

**BRIEF IN SUPPORT OF RESPONSE TO MOTION FOR SUMMARY JUDGMENT ON LIABILITY AND DAMAGES**

Comes Plaintiff, Dr. Dean McNeel d/b/a Ozark Prosthodontics (herein referred to as "Dr. McNeel"), and for his Brief in Support of Response to Motion For Summary Judgment on Liability and Damages states that the Motion for Summary Judgment on Liability and Damages should be denied for the reasons set forth below:

## I. REAL PARTY IN INTEREST

On September 20, 2010, KaVo Dental Technologies, LLC filed a Motion to Amend Answer and Memorandum of Law in Support of Motion to Amend Answer. In the Motion to Amend Answer and Memorandum of Law in Support of Motion to Amend Answer, Defendant requested that it be allowed to amend its Answer, in part, to allege the real party in interest issue. Specifically, in Paragraph 16, Defendant alleged that Dr. Dean McNeel d/b/a/ Ozark Prosthodontics was not the real party in interest as defined by Federal Rule of Civil Procedure 17(a)(1) because he was not the purchaser of the equipment which is the subject matter of the litigation and therefore had no standing to make any claims in this matter.

Immediately thereafter, the undersigned counsel notified counsel for the Defendant, KaVo Dental Technologies, LLC (herein referred to as "Defendant"), that it did not object to the Motion to Amend Answer to Complaint and that it would amend the Complaint to substitute the real party in interest in this matter.

At no time prior to the Motion to Amend Answer was Plaintiff notified that there was an issue with respect to the real party in interest in this case. Federal Rule of Civil Procedure 17(a)(3) provides in pertinent part as follows:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest

In response, however, to the Motion to Amend Complaint, Defendant contends that Plaintiff should have known the real party in interest. This argument ignores the requirements of Federal Rule of Civil Procedure 17(a)(3). What Plaintiff should have known is not the appropriate standard.

Defendant also argues in its Response to the Motion to Amend Complaint that the issue of the real party in interest was first addressed in the depositions of Dr. McNeel and his wife on August 21, 2010. While Plaintiff acknowledges that questions were asked of Dr. McNeel and his wife, Lori McNeel at the deposition on August 20, 2010 about the various entities and the purchase and financing of the subject equipment, Defendant continues to argue a standard different than required by the Federal Rules of Civil Procedure. If Defendant had the knowledge and information on August 20, 2010, with respect to the real party in interest, it should have properly notified the Plaintiff pursuant to Federal Rule of Civil Procedure 17(a)(3). Defendant chose not to address the issue until it filed its Motion to Amend Answer on September 22, 2010.

Most importantly, Defendant fails to provide any argument or statement to the Court as to how it has been prejudice with respect to discovery or otherwise in this matter.

On October 8, 2010, Dr. McNeel filed a Motion to Amend Complaint requesting that the McNeel, D.D.S., P.A. be substituted for Dr. Dean McNeel d/b/a Ozark Prosthodontics and therefore very respectfully this issue should be moot.

## II. ACCEPTANCE OF THE PRODUCT

In Paragraph 8 of its Motion for Summary Judgment on Liability and Damages (herein referred to as the "Motion for Summary Judgment") Defendant argues that Dr. McNeel accepted the equipment that is the subject matter of this litigation. Dr. McNeel does not dispute the fact that he has accepted the product. The contract between the parties provides, however, that "if any defects arise as a result of the manufacturing process or installation, the Defendant is required to remedy the defect to the *unconditional satisfaction* of purchaser at the earliest possible mutually agreeable date." (Emphasis Supplied) Dr. McNeel contends in this lawsuit that after acceptance of the product, he provided the Defendant with substantial notification of the defects with the product and allowed the Defendant the opportunity to remedy the defects. It was only after the Defendant failed to remedy the defects that Dr. McNeel filed this lawsuit. The alleged failure to remedy the defects with the equipment as represented, regardless of acceptance, is a genuine issue of material fact in this litigation, along with the failure to provide support for the equipment and related product as alleged in Paragraph 7 of the Complaint.

## III. NOTICE TO DEFENDANT

In Paragraph 10 in the Motion for Summary Judgment, the Defendant states as follows:

> 10. No notice has been provided to Defendant, nor none alleged in the Complaint, regarding any claim for breach of any warranty.

The Motion for Summary Judgment does not speak to the issue of notice beyond the foregoing.

The Memorandum of Authorities in Support of Motion for Summary Judgment on Liability and Damages only briefly mentions the issue of notice.

Paragraph 14 of the Statement of Undisputed Material Facts states as follows:

> 14. Dean McNeel, D.D.S., P.A. has not provided KaVo any notice of breach of warranty under the U.C.C. in Arkansas.

Defendant has not provided an affidavit or any testimony from depositions to support its contention of lack of notice.

It is clear that under Arkansas law that the giving of reasonable notice is a condition precedent to recovery under the provisions of the Uniform Commercial Code, and the giving of notice must be alleged in the complaint in order to state a cause of action. *Williams v. Mozark Fire Extinguisher Co.*, 318 Ark. 792, 888 S.W.2d. 303 (1994). The complaint cannot be the notice. *Id.*

It is also clear under Arkansas law, for breach of warranty, no particular form of notice to the seller is required, and the notice need not be in writing. *Jackson v. Swift- Eckrick*, 830 F. Supp. 486 (W.D. Ark 1993), *Jackson v. Swift- Eckrich, Inc.,* 53 F.3d 1452 (8th Cir. 1995).

As stated above, in this case, the Defendant has not offered an affidavit or other evidence that Dr. McNeel failed to provide notice to it. Based upon the Affidavit of Dr. McNeel, a copy of which is attached to the Response to Motion for Summary Judgment and incorporated therein, it is clear that Dr. McNeel provided ample notice to the Defendant regarding breach of warranty. In addition, on November 29, 2007, Dr. McNeel emailed representatives of Defendant notification of the breach of warranty as follows:

> To all

> In July I bought from Kavo the Everest Milling machine and I have been waiting for the zirconia discs, software and yoke that was originally expected in August. The arrival date continues to be delayed and now numerous e-mails have not been answered to address these issues; it is now almost December, I think the delay is unreasonable. Please forward this e-mail to "Germany" letting them know that if I don't hear from someone I will be seeking legal counsel. Kavo has not provided me with what I purchased in July.
> Dean McNeel DDS

See Exhibit "B" to the Response to Motion for Summary Judgment.

Furthermore, on December 5, 2007, Dr. McNeel provided the following notification:

> Josh
> I believe that we have reached our stopping point. I don't believe that I signed a contract or was informed that I would only be able to use Kavo products in my milling machine. In fact I was told that I could mill anything even waxes and acrylics that I create myself. This is equivalent to a monopoly on my machine. I don't believe that we should have any training sessions without resolving these issues.
> At this point I need the contact person or legal department contact information for my attorney or Kavo can make the appropriate arrangements to take back this milling machine.
> Dean McNeel DDS

See Exhibit "D" to the Response to Motion for Summary Judgment.

Under Arkansas law, notice is sufficient when it informs the seller that the transaction is claimed to involve a breach and thus opens the way for negotiation of a normal settlement. However, written notice is not required. *Industrial Electronic Supply, Inc. v. Lytle Manufacturing, LLC*, 94 Ark. App. 81, 226 S.W.3d. 1 (2006). In *Lytle*, the Arkansas Court of Appeals held that the notice must be sufficient to let the seller know that the transaction is still troublesome and must be watched. *Id.*

Based on the foregoing, it is clear that there is a genuine issue of material fact with respect to notice.

With respect to whether notice was pled in the Complaint filed herein, Paragraph 6 of the Complaint states as follows:

> Since the purchase of the aforementioned equipment, Dr. McNeel has made numerous demands upon KaVo to remedy substantial manufacturing defects with the equipment. To date, despite the numerous demands, KaVo has failed and refused to satisfactory remediate the manufacturing defects.

Based on the forgoing, it is clear that summary judgment is not appropriate regarding the notice issue.

Respectfully Submitted,

SHEMIN LAW FIRM, PLLC
3333 Pinnacle Hills Parkway, Suite 603
Rogers, Arkansas 72758
Telephone: (479) 845-3305
Facsimile: (479) 845-2198
Email: ken@sheminlaw.com

By:/s/ Kenneth R. Shemin
Kenneth R. Shemin
Arkansas Bar No. 78138

**CERTIFICATE OF SERVICE**

I, Kenneth R. Shemin, do hereby certify that I have sent via:

____ U.S. Mail, postage prepaid
____ Hand-delivery
____ Facsimile
____ Electronic Mail
XXX Federal Court ECF System to the Clerk of the Court for filing and transmittal of Notice of Electronic Filing to ECF registrants

this 18th day of October, 2010, a true and complete copy of the foregoing attached document to the following individual(s):

Jeffrey W Puryear jpuryear@wlpmlaw.com, kquach@wlpmlaw.com

John V. Phelps jphelps@wlpmlaw.com, kquach@wlpmlaw.com

/s/ Kenneth R. Shemin
Kenneth R. Shemin