**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**DR. DEAN McNEEL, D.D.S., P.A.**
**Substituted For**
**Dean McNeel d/b/a**
**OZARK PROSTHODONTICS** **PLAINTIFF**

**v.** **No. 5:10-cv-05043-JLH**

**KaVo DENTAL TECHNOLOGIES, LLC** **DEFENDANT**

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF DISPUTED MATERIAL FACTS**

Comes now defendant, KaVo Dental Technologies, LLC, by and through its attorneys, Womack, Landis, Phelps & McNeill, P.A., and, for its reply to plaintiff's response to motion for summary judgment and statement of disputed material facts, states as follows:

**(A) LAW**

Rule 56.1 of the Rules of United States District Court for the Eastern and Western Districts of Arkansas states at subparagraphs (b) and (c): that all material facts set forth in the defendant's statement shall be deemed admitted unless appropriately controverted by "a separate, short and concise statement of the material facts as to which respondent contends a genuine issue exists to be tried."

Plaintiff's response relates only to Paragraphs 11, 14, 15, 16, 18, and 19 of defendant's statement of undisputed material facts.

Defendant respectfully addresses plaintiff's response in chronological order.

## (B) REPLY

As to Paragraph No. 11, defendant stated that the complaint sought damages for common law "breach of contract." Plaintiff's response did not dispute the language to which defendant referred, but instead claimed that plaintiff seeks all remedies pursuant to the Uniform Commercial Code.

Neither the original complaint nor the amended complaint filed on October 19, 2010, make any reference to the Uniform Commercial Code.

As a matter of law, this cannot be a "breach of contract" case but plaintiff continues to plead only a common law cause of action which must be dismissed.

Paragraph 14 recited that defendant had not been provided any notice of breach of warranty. Plaintiff alleged that it had provided such notice but did not provide any specific factual antecedent for such a claim and did not reference any documentary evidence which would constitute a "notice of breach of warranty" in any formal sense.

This is particularly important because plaintiff's response admitted that plaintiff has "accepted" defendant's product, the Everest System. This of course makes sense given the fact that plaintiff continues to use the system.

Neither the original complaint nor the amended complaint allege that notice has been provided, which is fatal under Gatlin v. Cooper Tire & Rubber Co., 252 Ark. 839, 481 S.W.2d 338 341 (1972); and L.A. Green Seed Co. v. Williams, 246 Ark. 463, 438 S.W.2d 717, 719-20 (1969).

At Paragraph 15 defendant recited that plaintiff did not "communicate to KaVo any potential losses from general or particular requirements."

Plaintiff responded that this communication is not a requirement under the Uniform Commercial Code. That is not the point. Defendant's statement merely recited that plaintiff had made no such communication to it.

Plaintiff's response does not provide any type of concise statement of the material facts upon which it bases a denial. Instead, plaintiff merely alleges that the "tacit agreement test" is not applicable. Although true, that is not the issue.

Paragraph No. 15 only sought to obtain an acknowledgment that plaintiff did not make any such communication to defendant. Accordingly, Paragraph 15 should be deemed admitted.

Paragraph 16 was defendant's representation that it had no reason to know of any potential losses resulting from general or particular requirements. Of course, this is a distinct inquiry compared to Paragraph No. 15 which merely recited that plaintiff had not communicated any such information.

Plaintiff's response again is fatal because it simply "disputes this statement."

Plaintiff argues that defendant should have known that there could be a disruption of production and "a loss of profits." However, there is no complaint allegation for "loss of profits." Plaintiff cannot validly respond that it is "reasonable to assume" that KaVo Dental Technologies, LLC would have expected Dr. Dean McNeel, personally, to make a claim against it based upon $873.00 per hour of personal time totaling $988,236.00.

Paragraph 16 should be deemed admitted because plaintiff may not simply "assume" an allegation relating to defendant's knowledge. An "assumption" is not a "concise statement of a material fact" that is required by Rule 56.1(b).

In Paragraph 18 defendant represented that plaintiff had not submitted any "documentary evidence" to corroborate gross revenue estimates of $3,335.45 per month with respect to the laboratory.

Plaintiff's response does not deny the failure to submit any such documentary evidence, but instead claims that it has given defendant all documents that were requested. That is not responsive.

Paragraph 18 should be deemed admitted.

Paragraph 19 listed eight separate claims upon which plaintiff's damage model was based and plaintiff has stated that it will respond to this at a later time. Thus, whether any of those damage claims are still being presented is not ripe for determination, although defendant's brief has shown that none of them are sustainable.

Accordingly, defendant asks the Court to enter its order deeming Paragraphs 11, 14, 15, 16, and 18 of its statement of undisputed material facts to be admitted.

**(C) LEGAL RESPONSE**

No reply is necessary to plaintiff's response regarding the "real party in interest" since plaintiff has filed an amended complaint substituting plaintiff.

In plaintiff's brief, section "II. Acceptance of the Product," plaintiff admits that the product was accepted.

Defendant's motion for summary judgment was not based upon factual disputes concerning plaintiff's satisfaction with the Everest and/or whether it was defective. Instead, defendant's motion was based upon the fact that the wrong plaintiff filed the case; and, the

sustainability of the damage claims. Thus, plaintiff's list of disputed facts is not relevant to the pending motion.

Plaintiff also discusses whether it has provided proper notice to defendant of breach of warranty. Defendant has already discussed the "notice of breach of warranty" issues.

Further, defendant is not required to provide "an affidavit or any testimony from depositions to support is contention of lack of notice." (Doc. #29; at 4). See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986) (noting that party moving for summary judgment is not required to submit proof). Defendant's answers have always alleged there was no formal notice of breach of warranty, and plaintiff has not provided any evidence that there was such a notice.

Whether the e-mail quotations identified by plaintiff in its brief are sufficient evidence of notice is typically a question of fact for the jury. Greenfield Seed Co. v. Bland, 18 Ark. at 48, 710 S.W.2d 833, 835 (1986). However, "where all the evidence is such that it can leave reasonable minds to only one conclusion as to the sufficiency of notice, the question presented is one of law to be resolved by the court." Id. at 835 (quoting Cotner v. International Harvester Co., 260 Ark. 885, 545 S.W.2d 627, 630 (1977)).

However, plaintiff's communications certainly do not include any language of "notice of breach of warranty," and in no way open "the way for normal settlement through negotiations." Jackson v. Swift-Eckrich, 830 F. Supp. 486, 492-93 (W.D. Ark. 1993).

**(D) CONCLUSION**

The original complaint, and now the amended complaint, only allege "breach of contract." This is not "a breach of contract case" because it is governed by the UCC.

Defendant's motion for summary judgment on the damage claims presented, to date, is proper.

Respectfully submitted,

J. V. Phelps (Bar No. 74122)
Jeffrey W. Puryear (Bar No. 93109)
Serena Thompson Green (Bar No. 2005258)
WOMACK, LANDIS, PHELPS & McNEILL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
Tel. (870) 932–0900
jphelps@wlpmlaw.com
jpuryear@wlpmlaw.com
sgreen@wlpmlaw.com

By /s/ J. V. Phelps
Attorneys for Defendant,
KaVo Dental Technologies, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Kenneth R. Shemin
Shemin Law Firm, LLC
333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758
E-mail: Ken@sheminlaw.com

/s/ J. V. Phelps
J. V. Phelps