**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**DR. DEAN McNEEL d/b/a**
**OZARK PROSTHODONTICS** **PLAINTIFF**

**v.** **No. 5:10-cv-05043-JLH**

**KaVo DENTAL TECHNOLOGIES, LLC** **DEFENDANT**

**SUPPLEMENT TO MOTION FOR SUMMARY JUDGMENT ON DAMAGES**

Comes now defendant, KaVo Dental Technologies, LLC (hereinafter "KaVo"), by and through its attorneys, Womack, Landis, Phelps & McNeill, P.A., and, for its Supplement to Motion for Summary Judgment on Damages, states:

1. On October 4, 2010, KaVo filed its Motion for Summary Judgment on Liability and Damages. (Doc. # 18). Plaintiff has responded to that motion, which is still pending before this Court.

2. When KaVo filed its summary judgment motion, plaintiff had produced a spreadsheet in discovery that categorized plaintiff's damages claims. (Doc. # 18-1). That spreadsheet did not list any claim for the recovery of outsourcing expenses. Id.

3. By agreement with counsel, plaintiff filed separate responses to KaVo's summary judgment motion. The first response addressed KaVo's summary judgment motion on liability. (Doc. ## 26-30).

4. Plaintiff's second response to the summary judgment motion addressed the damages claim. (Doc. ## 36, 37, 39 & 41). In this response, plaintiff claimed for the first time that it was entitled to damages for "outsourcing expenses" in the amount of $189,441.35. (Doc. # 36-1, at ¶ 31; Doc. # 37, at ¶ 9).

5. Plaintiff's representatives, Dr. Dean McNeel and Lori McNeel, were deposed August 20, 2010, and according to their testimony, plaintiff did not outsource the work of its patients.

6. Dr. McNeel's affidavit in support of his response to KaVo's summary judgment motion contradicts his previous deposition testimony, as well as the testimony of his wife, Mrs. McNeel.

7. When a party responds to a summary judgment motion by filing an affidavit that is contradictory to his own sworn testimony, thereby making the affidavit a "sham," the trial court should not consider the affidavit, unless it explains deposition testimony or there was confusion during the deposition. Otherwise, an affidavit may not be submitted in contradiction to the sworn testimony in an effort to avoid the entry of summary judgment. Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365 (8th Cir. 1983).

8. KaVo moves this Court to strike the affidavit of Dr. McNeel because it is inconsistent with the sworn deposition testimony of Dr. and Mrs. McNeel; and the affidavit was submitted to otherwise defeat a portion of KaVo's summary judgment motion on damages.

9. Without the affidavit of Dr. McNeel, the record demonstrates that plaintiff did not incur expenses for outsourcing work as a result of the Everest System; therefore, plaintiff has no basis for making any such claim.

10. Pursuant to Federal Rule of Civil Procedure 56(c), this Court should enter partial summary judgment in favor of KaVo with respect to plaintiff's now claim for outsourcing expenses.

11. Thus, plaintiff's new and contradictory claim of $189,441.35 should be

dismissed.

12. In support of this motion, KaVo files contemporaneously herewith:

   a. memorandum brief; and

   b. statement of undisputed material facts.

13. In further support of this motion, KaVo attaches hereto the following:

   a. pertinent portions of the deposition of Dr. Dean McNeel, dated August 20, 2010 (Exhibit "A"); and

   b. pertinent portions of the deposition of Lori McNeel, dated August 20, 2010 (Exhibit "B").

WHEREFORE, defendant, KaVo Dental Technologies, LLC, prays that its Motion for Summary Judgment and Supplement to Motion for Summary Judgment are granted, as set forth therein; and for all other relief to which it is entitled.

Respectfully submitted,

J. V. Phelps (Bar No. 74122)
Jeffrey W. Puryear (Bar No. 93109)
Serena Thompson Green (Bar No. 2005258)
WOMACK, LANDIS, PHELPS & McNEILL, P.A.
P.O. Box 3077
Jonesboro, AR 72403
Tel. (870) 932–0900
jphelps@wlpmlaw.com
jpuryear@wlpmlaw.com
sgreen@wlpmlaw.com

By /s/ Jeffrey W. Puryear

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

Kenneth R. Shemin
Shemin Law Firm, LLC
333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758
E-mail: Ken@sheminlaw.com

/s/ Jeffrey W. Puryear
Jeffrey W. Puryear